IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONATHAN DEAN DAVIS, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 3:24-CV-1906-X |
| § | (NO. 3:20-CR-575-X) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Jonathan Dean Davis's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Having considered the motion, the response, the reply, the record, and applicable authorities, the Court determines that "the motion and the files and records of the case conclusively show that [Davis] is entitled to no relief," 28 U.S.C. § 2255, and **DENIES** Davis's requests for an evidentiary hearing [Dkt. Nos. 30, 31] for the reasons stated below. As a result, the Court also **FINDS AS MOOT** Davis's request to show cause regarding the government's response [Dkt. 27] and his motion to take judicial notice of his mandamus petition [Dkt. 32].

### I.   BACKGROUND

The record in the underlying criminal case reflects the following:

On November 18, 2020, Davis was named in a thirteen-count indictment charging him with seven counts of wire fraud, in violation of 18 U.S.C. § 1343, two counts of aggravated identity theft and aiding and abetting, in violation of 18 U.S.C.

§§ 1028A and 2, and four counts of money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1957 and 2. CR ECF No.[1] 1. Davis entered a plea of not guilty. CR ECF No. 8. On March 25, 2021, Davis was named in a superseding indictment charging him with seven counts of wire fraud, in violation of 18 U.S.C. § 1343, two counts of aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 1028A and 2, and four counts of money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1957 and 2. CR ECF No. 107. Davis entered a plea of not guilty. CR ECF No. 122.

A jury trial was held, and Davis was convicted on seven counts of wire fraud and four counts of money laundering and aiding and abetting. CR ECF No. 164. The jury found Davis not guilty on the two counts of identity theft and aiding and abetting. *Id*. Davis's post-trial motions for acquittal and new trial were denied. CR ECF No. 190.

The Court sentenced Davis to an aggregate term of imprisonment of 235 months, with an aggregate three-year term of supervised release. CR ECF No. 211. He also was ordered to pay restitution in the amount of $65,200,000 and a special assessment of $1,100. *Id*. Davis appealed. CR ECF No. 215. The Fifth Circuit remanded the case to this Court on a limited basis to correct an error in the judgment, which was then amended under Federal Rule of Civil Procedure 36 to include final

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:20-cr-575-X.

forfeiture language. CR ECF Nos. 305, 308. Davis appealed the amended judgment. CR ECF No. 311.

On November 15, 2022, the Fifth Circuit affirmed the judgment and sentence but vacated the forfeiture order and remanded the case for further proceedings on that issue. *United States v. Davis*, 53 F.4th 833 (5th Cir. 2022). Davis filed a petition for certiorari with the United States Supreme Court, which was denied on October 2, 2023. *Davis v. United States*, No. 22-945, 144 S. Ct. 72 (2023).

On August 21, 2024, the Court issued a final order of forfeiture. CR ECF Nos. 387, 388. A second amended judgment was issued on August 27, 2024. CR ECF No. 394. Davis appealed. CR ECF No. 395. The appeal on the forfeiture order is currently pending before the Fifth Circuit. *United States v. Davis*, No. 23-10202. Oral argument was held on September 2, 2025.

Davis has also filed two motions to reduce his sentence under Amendment 821 to the United States Sentencing Guidelines. CR ECF Nos. 367, 374. The first was denied as premature because it was filed before the amendment was effective. CR ECF No. 372. The second was granted on August 23, 2024, and Davis's aggregate sentence was reduced to 195 months. CR ECF No. 390.

On July 25, 2024, Davis filed this motion to vacate listing ten grounds in support. ECF No.[2] 1. Davis was granted leave to file an amended brief no longer than

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

3

35 pages. ECF No. 11. The amended brief, adding an eleventh ground, was originally filed as a motion to amend on October 29, 2024, and then refiled as an amended brief on November 14, 2024. ECF Nos. 12, 13, 14. The government responded. ECF No. 28. Davis filed a reply and requests for an evidentiary hearing. ECF Nos. 30, 31.

## II. GROUNDS OF THE MOTION

Davis raises eleven grounds in support of his motion:

(1) Factual innocence

(2) Ineffective assistance of counsel based on failure to advise Davis of nature and cause of allegation and elements of charged crime

(3) Vindictive and selective prosecution

(4) Ex parte communications between government and Court and denial of counsel

(5) Prosecutorial misconduct with grand jury

(6) Ineffective assistance of counsel based on failure to object to unindicted offense and due process violation for conviction for unindicted offense

(7) Prosecutorial misconduct with witness testimony

(8) Plain error

(9) Ineffective assistance of counsel with respect to mistrial requests by government

(10) Fraud upon the Court

(11) Due process violation for conviction for conduct allowed by law

ECF No. 14.[3]

---

[3] In his reply, Davis contends that the government did not respond to a twelfth ground for relief based on *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 30 at 5. Before entering the order requiring the government to respond, the Court granted Davis leave to supplement his motion with the exhibits attached to a motion for leave to supplement his amended brief.

4

### III.    APPLICABLE LEGAL STANDARDS

#### A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same

---

ECF Nos. 16, 17. The motion for leave asserts that "[t]he content of the email potentially supports a twelfth claim for relief pursuant to *Brady*," ECF No. 15 at 2, but Davis has neither been granted leave nor filed a twelfth claim. Furthermore, the email is not newly discovered evidence of a potential *Brady* violation because it was Government Exhibit 219. *Compare* CR ECF No. 234-10, *with* ECF No. 17.

issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

6

## IV. ANALYSIS

Davis's first and eleventh grounds seek relief based on a claim that he is actually innocent of the crimes for which he was convicted, ECF No. 14 at 2-5, 33-34, but freestanding claims of actual innocence "have never been held to state a ground for federal habeas relief absent an independent constitutional violation." *United States v. Fields*, 761 F.3d 443, 479 (5th Cir. 2014) (quoting *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). "'Rather, a claim of actual innocence is a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.* (quoting *Dowthitt*, 230 F.3d at 741). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of fact." *Herrera*, 506 U.S. at 400.

Further, to the extent that these claims are not intended as freestanding claims of innocence but instead as gateways to overcome procedural default for some of Davis's other claims, they do not meet the high bar for showing actual innocence. In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). That is, Davis must show "that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)) (internal quotation marks omitted). Moreover, Supreme Court precedent on this issue "presuppose[s] that the prisoner has new evidence that did not exist at the time of

7

conviction and sentencing." *United States v. Vargas-Soto*, 35 F.4th 979, 999 (5th Cir. 2022) (citing *Schlup*, 513 U.S. at 316; *McQuiggin v. Perkins*, 569 U.S. 383, 394-95 (2013)). New legal arguments based on existing evidence, however, do not "assert[] factual innocence but rather legal innocence." *Id.*

Here, Davis's claims of actual innocence do not present new evidence but instead assert purportedly new legal arguments about the trial evidence. *See* ECF No. 14 at 2-5, 33-34; *but see, e.g.*, CR ECF No. 290 at 189-94 (asserting argument about continuous operation at trial). Many of his arguments about the sufficiency of the evidence were addressed and dismissed by the Fifth Circuit in the direct appeal, *Davis*, F.4th at 842-45, and therefore, are barred by the law-of-the-case doctrine, *see Moore*, 598 F.2d at 441; *Fields*, 761 F.3d at 466. Whether his arguments are actually new or not, however, the evidence in support of those arguments is not, so Davis's claims do not meet the requirements to show actual innocence. Therefore, his first and eleventh grounds for relief are denied.

Davis's second, fourth, sixth and ninth grounds are all based at least in part on claims of ineffective assistance or denial of counsel at a critical stage. ECF No. 14 at 6-18, 19-20, 24-25, 31.

As to prejudice, Davis asserts that counsel's purported deficiencies constituted structural error. ECF No. 14 at 8, 18. "The prejudice showing is in most cases a necessary part of a *Strickland* claim" because "a defendant has a right to effective representation, not a right to an attorney who performs his duties 'mistake-free.'" *Weaver v. Massachusetts*, 582 U.S. 286, 300 (2017) (quoting *United Staes v. Gonzalez-*

8

*Lopez*, 548 U.S. 140, 147 (2006). While denial of an attorney to an indigent defendant or denial of the right to self-representation or to select one's own attorney constitute structural error, *see Gideon v. Wainwright*, 372 U.S. 335, 343-345 (1963); *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984); *Gonzalez-Lopez*, 548 U.S. at 149, Davis's claims of ineffective assistance of counsel do not fall into any of those categories.

Instead, Davis asserts that his ineffective assistance of counsel claims amount to constructive denial of counsel. *See, e.g.*, ECF No. 14 at 31. "[C]onstructive denial of counsel occurs in only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." *United States v. Job*, 387 F. App'x 445, 451 (5th Cir. 2010) (quoting *Johnson v. Cockrell*, 301 F.3d 234, 238 (5th Cir. 2002) (cleaned up). "Bad lawyering, regardless of how bad, does not support the per se presumption of prejudice." *Id.* (quoting *Johnson*, 301 F.3d at 238).

At best, Davis's claims amount to bad lawyering, although as discussed below, his claims generally do not meet that threshold either, but claims do not fall into the narrow spectrum of cases where ineffective assistance becomes constructive denial of counsel. Because he has failed to show prejudice beyond a conclusory assertion that his claims for ineffective assistance of counsel constitute structural error, Davis's ineffective assistance claims should be denied solely on this basis, but Davis has also failed to meet the deficient performance prong of the *Strickland* standard.

The second ground asserts a broad claim for ineffective assistance based on the purported failure by retained counsel to advise Davis of the nature and cause of the

9

allegations and the elements of the charged crime of wire fraud because they lacked familiarity with the law and facts of the case. *Id.* at 8-18. This ground for relief is largely premised on his claims of actual innocence and the contention that Davis was indicted and convicted because his counsel did not understand and explain the arguments Davis sets out in his brief. *Id.*

This claim fails both because counsel did make many of the arguments Davis now makes, *see, e.g.*, CR ECF No. 290 at 187-94, and because it misunderstands the *Strickland* standard. The *Strickland* standard is not a vehicle to "second-guess counsel's assistance after conviction." *Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Davis's claims in the second ground as to how his counsel should have viewed the evidence or arguments it should have made do not overcome this presumption.

The fourth ground asserts that the government communicated with the Court *ex parte*, which denied his right to counsel. ECF No. 14 at 19-20. Although Davis asserts that these communications occurred after indictment when "there was no pending ongoing investigation to protect," *id.* at 19, all the dates he lists were before his indictment on November 18, 2020. Therefore, his fourth ground for relief is denied.

The sixth ground asserts Davis was convicted of the unindicted offense of lying on his application to the Texas Workforce Commission despite the fact that the application was submitted outside the statute of limitations and that Davis's counsel was ineffective for failing to object to the introduction of this evidence. ECF No. 14 at 24-25. Davis's argument, however, is built upon the incorrect premise that evidence of a scheme to defraud is limited to acts within the statute of limitations. *See United States v. Simmons*, 606 F. App'x 848, 849 (7th Cir. 2015) (violation occurs when "interstate wire is used to *execute* a scheme to defraud" and objections to evidence of a continuing scheme that occurred more than five years before indictment are frivolous). Furthermore, this evidence was all laid out in the indictment and superseding indictment. CR ECF No. 1 at 2-3, ECF No. 107 at 2-3. Therefore, Davis's sixth ground for relief is denied.

The ninth ground relates to moments in the trial when the government raised the potential for mistrial and moved for mistrial during Davis's testimony when he twice mentioned a legal department or attorney. ECF No. 14 at 31. Davis asserts that he was constructively denied counsel because his counsel did not request that the proceedings be recessed to explain the issue to him. *Id.* Davis's lawyer was an active participant in the sidebars and was clear that he had explained to Davis that he could not raise the issue. CR ECF No. 289 at 81, 210. In fact, Davis himself admitted that he knew he should not have said it. *Id.* at 213. Therefore, Davis's ninth ground for relief is denied.

11

The remaining grounds Davis asserts could have been asserted on direct appeal and, therefore, are procedurally defaulted. To overcome the procedural default, he "must show either (A) cause and prejudice or (B) actual innocence." *Vargas-Soto*, 35 F.4th at 993 (citing *Gonzales v. Davis*, 924 F.3d 236, 242 (5th Cir. 2019) (per curiam); *Frady*, 456 U.S. at 167-68; *United States v. Willis*, 273 F.3d 592, 596 (5th Cir. 2001)). As discussed above, Davis has not shown actual innocence, and he also has not shown cause and prejudice.

The only cause Davis offers for his default is ineffective assistance of counsel, but "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986). Rather, where counsel is not ineffective under *Strickland*, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts … [such as] a showing that the factual or legal basis for a claim was not reasonably available to counsel or that 'some interference by officials' made compliance impracticable …." *Id.* at 488 (cleaned up).

Here, as discussed above, Davis has not met the *Strickland* standard to show ineffective assistance of counsel and does not identify any other cause for the default. Because he has not established either cause and prejudice or actual innocence, Davis cannot overcome the procedural default, and his remaining grounds for relief are denied.

## V. CONCLUSION

For the reasons discussed herein, Petitioner Jonathan Dean Davis's requests for an evidentiary hearing [Dkt. Nos. 30, 31] are **DENIED** and the relief sought in his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**.

**SO ORDERED** this 17th day of January, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE